**Fill in this information to identify your case:**

Debtor 1: Linda Parks Parker
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): First Name / Middle Name / Last Name

United States Bankruptcy Court for the: Southern District of Mississippi

Case number (If known): 24-00730 JAW

Official Form 427                                                                                                          12/15
# Cover Sheet for Reaffirmation Agreement

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**
Family Choice Financial, Inc
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed  $ 4,200.00
To be paid under the reaffirmation agreement  $ 4,095.00
$ 117.00 per month for 35 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
Before the bankruptcy case was filed   25.99 %
Under the reaffirmation agreement       25.99 %  ☑ Fixed rate
                                                 ☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☑ Yes. Describe the collateral. 2012 volk beetle
Current market value  $ 6,500.00

**5. Does the creditor assert that the debt is nondischargeable?**
☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

| Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement | |
|---|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 2,826.30 | 6e. Monthly income from all sources after payroll deductions | $ 2,826.30 |
| 6b. Monthly expenses from line 22c of Schedule J | $ 1,391.00 | 6f. Monthly expenses | − $ 1,391.00 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | − $ 0.00 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses | − $ 0.00 |
| 6d. Scheduled net monthly income<br>Subtract lines 6b and 6c from 6a.<br>If the total is less than 0, put the number in brackets. | $ 1,435.30 | 6h. Present net monthly income<br>Subtract lines 6f and 6g from 6e.<br>If the total is less than 0, put the number in brackets. | $ 1,435.30 |

Official Form 427                Cover Sheet for Reaffirmation Agreement                    page 1

Debtor 1  Linda     Parks       Parker                        Case number (if known) 24-00730 JAW
         First Name Middle Name Last Name

7. Are the income amounts on lines 6a and 6e different?
   ☒ No
   ☐ Yes. Explain why they are different and complete line 10. _____

8. Are the expense amounts on lines 6b and 6f different?
   ☒ No
   ☐ Yes. Explain why they are different and complete line 10. _____

9. Is the net monthly income in line 6h less than 0?
   ☒ No
   ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

10. Debtor's certification about lines 7-9

    If any answer on lines 7-9 is *Yes*, the debtor must sign here.

    If all the answers on lines 7-9 are *No*, go to line 11.

    I certify that each explanation on lines 7-9 is true and correct.

    ✗ _____        ✗ _____
    Signature of Debtor 1             Signature of Debtor 2 (Spouse Only in a Joint Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?
    ☐ No
    ☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
        ☐ No
        ☒ Yes

### Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

✗ _____     Date 07/31/2025
   Signature                                      MM / DD / YYYY

Robin M Rush-Hutson, Asset Manager
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

Form 2400A (12/15)

> Check one.
> ☐ **Presumption of Undue Hardship**
> ☑ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Southern District of Mississippi

In re  Linda Parks Parker ,
         *Debtor*

Case No.  24-00730 JAW

Chapter  7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:**  Family Choice Financial, Inc

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed:  money loaned
       *For example, auto loan*

B. **AMOUNT REAFFIRMED**:  $ 4,095.00

    The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is  25.9900 %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

    This is a *(check one)* ☑ Fixed rate     ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents                                                                                                Page 2

D. **Reaffirmation Agreement Repayment Terms** *(check and complete one)*:

☑ $ 117.00 per month for 35 months starting on 08/05/2025.

☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

E. Describe the collateral, if any, securing the debt:

Description: 2012 Volk beetle
Current Market Value $ 6,500.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☐ Yes. What was the purchase price for the collateral? $ _____

☑ No. What was the amount of the original loan? $ 6,241.65

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $4,200.00 | $ 4,095.00 |
| Annual Percentage Rate | 25.9900 % | 25.9900 % |
| Monthly Payment | $ 300.00 | $ 117.00 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II.  DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.  ☑ Yes   ☐ No

B. Is the creditor a credit union?

Check one.  ☐ Yes   ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                              $ 2,826.30

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                          $ 1,274.00

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $ 1,552.30

   d. Amount of monthly payment required for this reaffirmed debt     $ 117.00

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   [X] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   [ ] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form 2400A, Reaffirmation Documents                                                                 Page 4

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date  08/18/2025         Signature  /s/ Linda Parks Parker
                                             Debtor

Date _____    Signature _____
                                          Joint Debtor, if any

### Reaffirmation Agreement Terms Accepted by Creditor:

Creditor  Family Choice Financial, Inc          3208 Service Drive Suite E, Pearl, Ms 39208
              Print Name                                        Address

          Robin M Rush-Hutson, Asset Manager     [signature]                   07/31/2025
          Print Name of Representative              Signature                    Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 08/18/2025 Signature of Debtor's Attorney   /s/ Thomas C. Rollins, Jr.

                  Print Name of Debtor's Attorney   Thomas C. Rollins, Jr.

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.  DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Form 2400A, Reaffirmation Documents

6. **When will this Reaffirmation Agreement be effective?**

   a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

       i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

       ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

   b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form 2400B to do this.

Form 2400A, Reaffirmation Documents                                                                 Page 7

## C.    DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

# DISCLOSURE STATEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

**LENDER – SECURED PARTY**
Family Choice Financial, Inc.
828 Woodland Dr North
Forest, MS 39074

ACCOUNT NO.: [redacted]

| DATE OF LOAN | INTEREST START DATE |
|---|---|
| 03/02/2021 | 03/02/2021 |

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | Total of Payments (The amount I will have paid after I have made all payments as scheduled.) | FINANCE CHARGE (The dollar amount the credit will cost me.) | Amount Financed (The amount of credit provided to me or on my behalf.) |
|---|---|---|---|
| 30.510% | $9,014.23 | $2,772.58 | $6,241.65 |

**MY PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF FIRST PAYMENT | FIRST PAYMENT DUE DATE | OTHER PAYMENTS DUE SAME DAY OF EACH SUCCEEDING MONTH | AMOUNT OF OTHER PAYMENTS | FINAL PAYMENT DUE DATE |
|---|---|---|---|---|---|
| 30 | $314.23 | 04/05/2021 | | $300.00 | 09/05/2023 |

| | PROPERTY INS. | AUTO INS. |
|---|---|---|
| | $0.00 | $0.00 |

**Security:** I am giving you a security interest in:
- [ ] Certain Household Goods
- [X] Motor Vehicle
- [ ] Goods or property being purchased
- [ ] Real Estate
- [ ] Collateral securing other loan may also secure this loan
- [ ] This loan is unsecured
- [ ] Other (describe)

**Late Charge:** [X] If a payment is more than 15 days late, I will be charged $5.00 or 4.00% of the delinquent amount, whichever is greater but not to exceed $50.00.

**Prepayment:**
- [X] If I pay off early, I may be entitled to a refund of part of the finance charge.
- [ ] If I pay off early, I may have to pay a penalty.

I must see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**NAMES AND ADDRESSES OF ALL BORROWERS:**
Linda Parker

S.S. NO. [redacted]  AGE [redacted]
DOB: [redacted]

S.S. NO.  AGE
DOB:

DOB:

**Insurance:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. Insurance, if provided, is for the term of the contract.

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| Single Credit Life [ ] Level [X] Decreasing | $180.89 | I [X] do [ ] do not want Single Credit Life Insurance — SIGNATURE: *Linda Parker* |
| Joint Credit Life [ ] Level [ ] Decreasing | $0.00 | We [ ] do [ ] do not want Joint Credit Life Insurance — SIGNATURE: / SIGNATURE: |
| Credit Disability | $0.00 | I [ ] do [ ] do not want Credit Disability Insurance — SIGNATURE: |

**ITEMIZATION OF THE AMOUNT FINANCED OF** ........ $ 6,241.65
**AMOUNT PAID TO OTHERS ON MY BEHALF:**

To Credit Life Ins. Premium
- [ ] Level [X] Decreasing
- [X] Single [ ] Joint ........ $ 180.89

To Credit Disability Ins. Premium ..... $ 0.00
- [ ] 14 Day [ ] 30 Day [X] Retro [ ] Non-Retro

To Property Insurance Premium
- [ ] Single Int. [ ] Dual Int. ...... $ 0.00
- [ ] Single Int. Auto ............. $ 0.00

To IUI Premium ................. $ 0.00
To Public Officials ............. $ 0.00
To Non-Filing Fee .............. $ 0.00
To _____ $ 0.00
To _____ $ 0.00
To Other Creditors $ 0.00
_____ $ 0.00
_____ $ 0.00
Linda Parker $ 60.76
_____ $ 0.00
_____ $ 0.00

**TOTAL PAID TO OTHERS** ........ $ 241.65

Balance on Former Account
LESS No. _____ $ 0.00
REFUNDS Finance Charge ..... $ 0.00
Credit Life Ins. ......... $ 0.00
Disability Ins. ......... $ 0.00
IUI Ins. ............... $ 0.00
Property Ins. .......... $ 0.00
S.I. Auto Ins .......... $ 0.00
Net Balance ........... $ 0.00

Amount Paid on My Account ........... $ 0.00
Amount Given to Me Directly ......... $ 6,000.00
Prepaid Finance Charge (Closing Fee) ...... $ 325.99
State Interest Charge .................. $ 2,446.59

The Loan Contract Rate is **25.99%** per annum.

I may obtain required property insurance from anyone I want that is acceptable to you. If I obtain the insurance from you the cost will be as follows:

Single Int. Auto for a term of ___ 0 ___ mos. $ 0.00
Single/Dual Int. Prop. for a term of ___ 0 ___ mos. $ 0.00
(Borrower(s) initial appropriate box)
[ ] I want Single Interest Property Insurance
[ ] I want Dual Interest Property Insurance

I/We warrant that the value of the collateral on this transaction is ....................... $ 0.00

As stated above "I", "Me" or "My" means all Borrowers, and "You" means the Lender named above.

## PROMISSORY NOTE

**FOR VALUE RECEIVED:** Borrower promises to pay to the order of Lender named above, at its office, and subject to the terms hereof the Total of Payments as stated above in consecutive monthly installments as stated as beginning on the due date for the first payment stated above and continuing on the same day of each succeeding month thereafter until fully paid. No extension, renewal, or other indulgence by Lender shall release the Borrower. Borrower waives protest. Borrower includes all persons signing below, each of whom shall be jointly and severally liable herein. All provisions set out above are incorporated in this Note by reference as though fully set out herein.

Borrower agrees to pay a closing fee as follows:
a. For loans in the amount of Ten Thousand Dollars ($10,000.00) or less, four percent (4%) of the total payments due on the loan or Twenty-Five Dollars ($25.00), whichever is greater.
b. For Loans in an amount greater than Ten Thousand Dollars ($10,000.00), a maximum charge of Five Hundred Dollars ($500.00).

**REBATE FOR PREPAYMENT:** Prepayment may be made in full or in part at any time. If this loan is prepaid in full, Borrower will receive a refund of the unearned portion of the Finance Charge (less Prepaid Finance Charge) calculated in accordance with the Rule of 78's based upon months prepaid determined as described hereafter. The number of months and days used from the date loan was made to the date of prepayment plus 20 days will be the number of months and days earned. If the days earned in excess of whole months total 15 or less, they shall be disregarded. If the days earned in excess of whole months total 16 or more they shall be considered an additional month earned. No rebate less than $1.00 is required. The Finance Charge for the purposes of the Mississippi Code is the Finance Charge disclosed above less the amount shown as Prepaid Finance Charge.

**APPLIES TO SECTION 32 REAL ESTATE LOANS ONLY:** If prepayment is a result of refinancing, the finance charge refund will be computed using the actuarial method. If the within named customer's debt ratio (income to monthly payments) exceeded 50% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.

**PREPAYMENT PENALTY.** If this loan is secured by a Deed of Trust on real Property, and is prepaid during the first year the penalty for prepayment shall be 5% of the unpaid principal balance; if prepaid during the second year the penalty shall be 4% of the unpaid principal balance; if prepaid during the third year the penalty shall be 3% of the unpaid principal balance; if prepaid during the fourth year the penalty shall be 2% of the unpaid principal balance; if prepaid during the fifth year the penalty shall be 1% of the unpaid principal balance. If the within named customer's debt ratio (income to monthly payments) exceeded 50% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.

**LATE CHARGES:** In the event that an installment or portion thereof, continues unpaid for 15 or more days following the date said payment is due, the Lender shall collect a default charge of $5.00 or 4.00% of the delinquent amount, whichever is greater but not to exceed $50.00.

If Lender receives a check, draft, negotiable order of withdrawal or like instrument drawn on a bank or other depository institution given by Borrower in full or partial repayment of this loan, Lender may, if such instrument is not paid or is dishonored by such institution, charge and collect from the Borrower a bad check charge in an amount equal to the actual charge made to the Lender by the depository institution for the return of the unpaid or dishonored instrument, but in no event to exceed the sum of Fifteen Dollars ($15.00). This charge shall not be deemed to be interest, finance charge, or other charge made as an incident to or as a condition to the grant of this loan and shall not be included in determining the limit on charges which may be made in connection with this loan.

BORROWER UNDERSTANDS AND AGREES THAT ALL OF THE ADDITIONAL TERMS ON THE REVERSE SIDE HEREOF ARE A PART HEREOF AS IF FULLY SET FORTH AT THIS POINT.

Borrower authorizes the deductions listed above and acknowledges receipt of the amount paid to him directly and refunds stated above, together with an exact copy of this instrument completely filled in prior to execution.

WITNESS: [signature]

*Linda Parker*
Signature of Borrower

_____
Signature of Borrower

_____
Signature of Borrower

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION
PAGE 1 OF 2
ORIGINAL

Doc ID: f5087574efe3b690a4e8cacb8beeec71aecd889c

**DEFERRAL CHARGE:** The Lender and the Borrower may, at any time, agree to a deferral of all or part of one or more unpaid installments, and the Borrower agrees to pay a deferral charge calculated by applying the above Loan Contract Rate to the amount deferred for the deferment period without regard to differences in the lengths of months, but proportionately for a part of a month, counting each day as one thirtieth (1/30) of a month. A deferral charge is earned pro rata during the deferment period and is fully earned on the last day of the deferment period. Such deferral charge may be collected at the time it is assessed or at any time thereafter. No more than two (2) deferrals may be made, or agreed to be made, in any twelve-month period.

**DEFAULT AND ACCELERATION:** Upon default by Borrower, Lender may (i) bring suit for the delinquent payments without accelerating the remaining balance, and/or (ii) declare the remaining balance immediately due and payable, less any rebate of unearned Finance Charges as provided for above; and Borrower shall pay all court costs and attorneys fees of 33-1/3% of the unpaid balance. After contractual maturity, or after default and acceleration, Borrower shall pay Lender interest on the delinquent amount at the rate of 10% per annum. Borrower shall be in default upon: (1) Failure to pay any payment in full when due; (2) Failure to perform any agreement herein; (3) Any representation made or furnished to Lender by Borrower proves to have been false in any material respect; (4) Loss, theft, substantial damages, destruction, sale or encumbrance to or of the Collateral, or the making of any levy, seizure or attachment thereof or thereon; (5) Death; (6) Lender reasonably deems itself insecure; (7) Failure to perform any agreement or covenant contained in the Deed of Trust.

## ARBITRATION AGREEMENT

The parties have this day entered into a separate arbitration agreement which affects certain rights of the borrower which is incorporated herein by reference and made a part hereof as if fully copied herein.

## SECURITY AGREEMENT

Borrowers grant to Lender a security interest under the Uniform Commercial Code of Mississippi in the goods described below, all of which shall hereafter be referred to as "Collateral," as security for the payment of the Promissory Note executed herein, this date, in an amount equal to the Total of Payments as shown above. This Security Agreement shall secure the Lender against all liability or loss on the Promissory Note mentioned above.

No waiver by Lender of any default shall operate as a waiver of any other default or of the same default on a future occasion.

| YEAR | MAKE | VIN | NEW/USED | MODEL | BODYTYPE |
|---|---|---|---|---|---|
| 2012 | Volkswagen | 3VWJX7AT8CM613046 | NEW | Beetle | |

## ADDITIONAL TERMS AND CONDITIONS OF SECURITY AGREEMENT

Upon default, Lender may declare all Obligations secured hereby immediately due and payable and shall have the rights and remedies of a secured party under the Uniform Commercial Code of Mississippi. Lender may enter the Borrower's premises to retake possession of the Collateral. Unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Borrower reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made. The requirements of reasonable notice shall be met if such notice is mailed, postage prepaid, to the address of Borrower as shown on the reverse hereof at least five days before the time of the sale or disposition. Borrower shall pay Lender for all expenses of retaking, holding, preparing for sale, selling, or the like, including Lender's reasonable attorneys' fees and legal expenses.

Borrower warrants that: (1) Collateral will be kept at the address of the Borrower as set forth on the reverse hereof, and the Borrower will not remove the Collateral from said address without the prior written consent of the Lender; (2) Borrower is the owner of the collateral free from any other adverse lien, security, interest or encumbrance; (3) Borrower will not sell, exchange, lease or other wise dispose of any of the Collateral without the prior written consent of Lender; (4) Borrower will maintain insurance at all times with respect to all Collateral against any substantial risk of loss, damage or destruction as the Lender may require, so long as the amount is not in excess of the amount of the Obligation; such insurance shall be payable to the Lender and Borrower as their interest may appear; all policies of insurance shall provide for 10 days' written minimum cancellation notice to Lender, and Lender is hereby authorized and empowered to act as attorney-in-fact for the Borrower in obtaining, adjusting, setting and canceling such insurance and endorsing any drafts issued in connection therewith; (5) Borrower will keep the Collateral free form any adverse lien, security interest or encumbrance and will not waste or destroy the Collateral or any part thereof; (6) Lender may examine and inspect the Collateral at any time, wherever located; (7) Borrower will not permit the Collateral to be attached to real estate or become an accession to other goods without the prior written consent of Lender; (8) If the Collateral is attached to real estate or affixed to other goods prior to the perfection of the security interest granted hereby, Borrower will on demand of Lender furnish the Lender with a disclaimer or disclaimers, signed by all persons having an interest in the real estate, or any interest in the Collateral which is prior to Lender's interest.

At its option, Lender may discharge taxes, liens or security interests or other encumbrances at any time levied or placed on the Collateral, pay for insurance or any expense incurred by Lender, for the maintenance and preservation of the Collateral, Borrowers agree to reimburse Lender on demand for any payment made, or any expense incurred by Lender.

_[signature]_ 3/30/21

| Initial of Borrower | Date |
|---|---|
| Initial of Borrower | Date |
| Initial of Borrower | Date |

☐ The following Notice is applicable to this consumer credit transaction only if an "X" appears in the foregoing box and Lender has signed at the right.

LENDER

BY _____

**NOTICE:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

I the undersigned, in consideration of the granting of the loan hereunder to the Borrower named on the other side hereof and not for the purpose of being obligated to repay such loan, hereby grant to the Lender a security interest in the property described on the other side hereof, and all proceeds thereof, in accordance with all the terms and conditions of the Security Agreement herein.

| Witness | Signature | Date |
|---|---|---|

This document is subject to a security interest in favor of and pledged as collateral to Texas Capital Bank, National.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION
PAGE 2 OF 2
ORIGINAL

Doc ID: f5087574efe3b690a4e8cacb8beeec71aecd889c

SCHEDULE A - SECURITY EVALUATION

Motor Vehicle Collateral:
    2012 Volkswagen Beetle      3VWJX7AT8CM613046      $6,500.00

Total Value of Collateral:      $6,500.00

I affirm the above Items used as collateral on Loan _____ Dated 3/2/2021 Reflects actual cash value as indicated.

_____       _____
Employee Signature      Linda Parker

# CERTIFICATE OF TITLE

Form # 79-001

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 3VWJX7AT8CM613046 | VOLK | 2012 | BEETLE | HC | MS1304295936 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 04/15/2021 | | 5 | USED | PC | 141698 ACTUAL |

**OWNER(S)**

PARKER, LINDA

**BRANDS**

**1ST LIENHOLDER**

FAMILY CHIICE FINANCIAL
828 WOODLAND DR N
FOREST MS 39074-3557

DATE: 03/02/2021

**2ND LIENHOLDER**

DATE:

**MAIL TO**

FAMILY CHIICE FINANCIAL
828 WOODLAND DR N
FOREST MS 39074-3557

T4

---

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ (LIENHOLDER) BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 _____

2ND LIEN _____ (LIENHOLDER) BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 _____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS THE 15TH DAY OF APRIL 2021

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER
0 2992839

MISSISSIPPI DEPARTMENT OF REVENUE

**VOID IF ALTERED**

Doc ID: f5087574efe3b690a4e8cacb8beeec71aecd889c



Doc ID: f5087574efe3b690a4e8cacb8beeec71aecd889c